ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of -- )
)
Constellation NewEnergy, Inc. ) ASBCA No. 62518
)
Under Contract Nos. DE-AM36-09GO29040 )
T.O. N39430-16-F-1803 )

APPEARANCE FOR THE APPELLANT: William J. Spriggs, Esq.
Spriggs Law Group
Lynchburg, VA

APPEARANCES FOR THE GOVERNMENT: Craig D. Jensen, Esq.
Navy Chief Trial Attorney
Cindy M. Hurt, Esq.
Matthew D. Bordelon, Esq.
Trial Attorneys

OPINION BY ADMINISTRATIVE JUDGE O'CONNELL

By order dated August 21, 2020, the Board asked the parties to address whether appellant, Constellation NewEnergy, Inc. (CNE), stated a sum certain in its claim, as required by the Federal Acquisition Regulation (FAR) for the Board to possess jurisdiction. In response, the Navy moved to dismiss the appeal.

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. This appeal involves a task order for several energy conservation measures (ECMs) at Naval Station Great Lakes, dated February 5, 2016 (R4, tab 296 at 1, 6[1]).

2. On May 7, 2018, CNE submitted what it called Change Order Request #3. The submission was lengthy, seeking additional money for work that had already been performed, as well as proposed future work. (App. supp. R4, tab A017) CNE presented the Navy with two alternatives: "Option A" for $2,117,253 and "Option B" for $1,374,902 (*id.* at 10). The difference was that the former contained a proposal for additional work that CNE identified as ECM 4k, High MERV HVAC filters, pursuant to which CNE offered to replace "the existing conventional, low efficiency air filters in the air handling units with new properly sized, advanced electrostatic HVAC air cleaning systems . . ." in numerous buildings (*id.* at 9, 27).

---

[1] Citations are to the .pdf page number of the electronic document.

3. A Navy contract specialist responded by email on July 24, 2018. She listed the items for which CNE had requested additional amounts and wrote "Concur" next to several of them. However, with respect to the ECM 4k work, she wrote "Disagree." She explained "[t]he Government's position is not to pursue the work at this time. The system may not be meeting the design intent, but it is working and currently reaching target energy savings." (App. supp. R4, tab A018)[2]

4. On February 1, 2019, CNE wrote to the contracting officer stating that it had been attempting to discuss Change Order Request #3 with her and her team but had not received a response. CNE incorporated Change Order Request #3 in this submission, stated that it was certifying it as a claim, and requested a final decision. CNE did not state that the claim was limited to the Option B work. (R4, tab 313)

5. The contracting officer issued a final decision on April 3, 2020. She referenced CNE's original submission of Options A and B, but noted that CNE had never performed the ECM 4k work unique to Option A. Accordingly, she stated that she would address Option B only. She granted the claim in part, awarding CNE a total of $315,970. (R4, tab 314)

6. CNE filed a timely appeal on May 15, 2020. The Board docketed the appeal relating to the solar hybrid systems (ECM 7A) as ASBCA No. 62518 and docketed the portion of the appeal relating to ECM 4d (Chillers) as ASBCA No. 62519. On December 2, 2020, the Board dismissed No. 62519 at the joint request of the parties due to their settlement of that appeal.

DECISION

The Contract Disputes Act provides that "[e]ach claim by a contractor against the Federal Government relating to a contract shall be submitted to the contracting officer for a decision." 41 U.S.C. § 7103(a)(1). The contractor must certify claims for more than $100,000. 41 U.S.C. § 7103(b). The contracting officer must issue a decision within 60 days on a claim for more than $100,000, or notify the contractor of the time within which she will issue the decision. 41 U.S.C. § 7103(f)(2). "Claim" is defined in the FAR as "a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to the contract." FAR 2.101. The Court of Appeals for the Federal Circuit has held that a claim must be submitted in writing and contain a "clear and unequivocal statement that gives the contracting officer adequate notice of the basis and amount of

---

[2] This document was not in the Rule 4 file at the time that the Board requested the parties address the sum certain issue.

the claim." *Contract Cleaning Maintenance, Inc. v. United States*, 811 F.2d 586, 592 (Fed. Cir. 1987).

The "sum certain" requirement can result in the rapid dismissal of an appeal for contractors who hedged on the amount sought. The Board has held that it lacks jurisdiction if the contractor states that it is seeking "approximately," *J.P. Donovan Construction, Inc.*, ASBCA No. 55335, 10-2 BCA ¶ 34,509 at 170,171, *aff'd* 469 Fed. App'x 903 (Fed. Cir. 2012), "at least," *Odyssey International, Inc.*, ASBCA No. 62062, 20-1 BCA ¶ 37,510 at 182,212, or "about" a specified amount, *Elham Ahmadi Construction Co.*, ASBCA No. 61031, 17-1 BCA ¶ 36,861 at 179,604.

On the other hand, the Board has held that it is enough for jurisdiction if the amount sought can be calculated. In *M.J. Hughes, Construction, Inc.*, ASBCA No. 61782, 19-1 BCA ¶ 37,235, the contractor presented a claim for $2,000,887 broken down into three discrete subparts, which added up to this amount. *Id.* at 181,234-35. The three subparts had overlapping damages, however, which would have to be subtracted out if the relevant portions of the claim were sustained, meaning that the maximum recovery would be some amount lower than $2,000,887. *Id.* at 181,235. The Board held that because this amount could be calculated, it was sufficient for our jurisdiction. *Id.*; *Mohammed Darwish Ghabban Est.*, ASBCA No. 51994, 00-2 BCA ¶ 31,114 at 153,671 (sum certain calculated by multiplying daily rental rate by number of days).

The sum certain in a claim is not set in stone; a contractor can amend the claim by increasing or decreasing the amount while it is still before the contracting officer or after appeal to the Board. *Santa Fe Engineers, Inc. v. United States*, 818 F.2d 856, 858 (Fed. Cir. 1987); *Zafer Taahhut Insaat Ve Ticaret A.S.*, ASBCA No. 56770, 12-1 BCA ¶ 34,951 at 171,831. And the Federal Circuit has held that a contractor met the sum certain requirement when it presented two alternative amounts arising from the same factual circumstances: the contractor in that appeal sought $4,342,245 based on a breach of contract theory or, in the alternative, $1,751,052 based on constructive changes and other theories. *Heyl & Patterson, Inc. v. O'Keefe*, 986 F.2d 480, 482 (Fed. Cir. 1993) (*rev'd on other grounds Reflectone, Inc. v. Dalton*, 60 F.3d 1572 (Fed. Cir. 1995) (*en banc*)). The Court of Appeals held that this was permissible because each alternative presented a sum certain under the different legal theories. *Id.* at 484-85.

The Board concludes that these appeals are more similar to the cases in which the Federal Circuit or Board have ruled that the contractor met the sum certain requirement, especially *Heyl & Patterson*, in which the Federal Circuit recognized that a contractor can present alternatives that could each be considered a sum certain. One factor that the Federal Circuit has looked to in determining whether the contractor submitted a proper claim is whether the contracting officer understood what had been submitted. *Hejran Hejrat Co. Ltd v. U.S. Army Corps of Engineers*, 930 F.3d 1354,

1358 (Fed. Cir. 2019) (contracting officer's statement that his decision was the government's "final determination" showed that he understood contractor had submitted a claim). While CNE probably would have been wiser to specify in its February 1, 2019, claim letter that it sought only the "Option B" amount, the contracting officer recognized in her final decision that the Navy had effectively eliminated Option A when it declined the ECM 4k work and thus only Option B remained open for consideration (SOF ¶ 5). Any other conclusion by the contracting officer would have been unreasonable.

The decisions the Navy cites are unconvincing. *Hensel Phelps Constr. Co.*, ASBCA No. 61517, 18-1 BCA ¶ 37,101, involved a government claim "estimated at $2,900,000" and thus falls into the first group of cases involving contractor hedging discussed above. *Southwest Marine, Inc.*, ASBCA No. 39472, 91-3 BCA ¶ 24,126, involved a situation where the contractor proposed three alternative amounts to the contracting officer but stated it was seeking only the lowest number. Later, when it submitted its claim, the contractor mentioned only this lowest amount. But when the contractor appealed to the Board it sought the higher amounts. The Board held that while the contractor could pursue the amount sought in the claim letter, the Board did not possess jurisdiction to consider higher amounts not included in the claim letter and never certified by the contractor. *Id.*, 91-3 BCA at 120,745. *Southwest Marine* is factually distinct from the present matter because CNE seeks only the remaining (lower) amount from Option B that the contracting officer did not approve in her final decision.[3]

---

[3] There is *dicta* in the *Southwest Marine* opinion where the Board answered a question not presented by the facts – what if the contractor had submitted all three amounts in its claim letter? The Board opined that this would run afoul of the sum certain requirement because "[a] 'pick one' claim is not a claim for a sum certain. . ." 91-3 BCA at 120,744. In a similar vein, the Federal Circuit in *Heyl & Patterson* stated that the sum certain requirement "might not" be met if the contractor stated an amount, but also stated that it would accept a lower amount if the government refused the higher amount. 986 F.2d at 485. Neither of these scenarios apply to CNE's claim when the context provided by the Navy's declination of the ECM 4k work is taken into account.

CONCLUSION

The government's motion to dismiss is denied.

Dated: December 8, 2020

_____
MICHAEL N. O'CONNELL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

_____
RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

_____
OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 62518, Appeal of Constellation NewEnergy, Inc., rendered in conformance with the Board's Charter.

Dated: December 9, 2020

_____
PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals

5